MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
VICTOR VARGAS and JOSE MANUEL
VARGAS, *individually and on behalf of others*
*similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiffs,* | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b) AND RULE 23** |
| -against- | **CLASS ACTION** |
| JACKS EGGS AND OTHER INGREDIENTS | |
| LLC (D/B/A JACK'S EGG FARM), JACK | **ECF Case** |
| NEUSTADT, and MORDECAI NEUSTADT, | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiffs Victor Vargas and Jose Manuel Vargas, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Jacks Eggs and Other Ingredients LLC (d/b/a Jack's Egg Farm), ("Defendant Corporation"), Jack Neustadt and Mordecai Neustadt, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>NATURE OF ACTION</u>

1.    Plaintiffs are former employees of Defendants Jacks Eggs and Other Ingredients LLC (d/b/a Jack's Egg Farm), Jack Neustadt, and Mordecai Neustadt.

2.    Defendants own, operate, or control a food products supplier, located at 130 44th Street, Brooklyn, NY 11232 under the name "Jack's Egg Farm".

3.    Upon information and belief, individual Defendants Jack Neustadt and Mordecai Neustadt, serve or served as owners, managers, principals, or agents of Defendant Corporation

and, through this corporate entity, operate or operated the distribution center as a joint or unified enterprise.

4.    Plaintiffs were employed as truck drivers and drivers' assistants at the distribution center located at 130 44th Street, Brooklyn, NY 11232.

5.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a food products supplier located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.    Plaintiff Victor Vargas ("Plaintiff Vargas" or "Mr. Vargas") is an adult individual residing in New York County, New York. Plaintiff Vargas was employed by Defendants at Jack's Egg Farm from approximately July 5, 2016 until on or about July 2017.

15.    Plaintiff Jose Manuel Vargas ("Plaintiff Jose Manuel" or "Mr. Jose Manuel") is an adult individual residing in Montgomery County, Pennsylvania. Plaintiff Jose Manuel was employed by Defendants at Jack's Egg Farm from approximately September 2012 until on or about November 16, 2013.

*Defendants*

16.    At all relevant times, Defendants owned, operated, or controlled a food products supplier, located at 130 44th Street, Brooklyn, NY 11232 under the name "Jack's Egg Farm".

17.    Upon information and belief, Jacks Eggs and Other Ingredients LLC (d/b/a Jack's Egg Farm) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 130 44th Street, Brooklyn, NY 11232.

18.    Defendant Jack Neustadt is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jack Neustadt is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jack Neustadt possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.    Defendant Mordecai Neustadt is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mordecai Neustadt is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mordecai Neustadt possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20.    Defendants operate a food products supplier located in the Sunset Park neighborhood of Brooklyn in New York City.

21.    Individual Defendants, Jack Neustadt and Mordecai Neustadt, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

24.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

26.    Upon information and belief, Individual Defendants Jack Neustadt and Mordecai Neustadt operate Defendant Corporation as either an alter ego of  themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)    transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

27.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

28.    In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the distribution center on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

30.    Plaintiffs are former employees of Defendants who were employed as truck drivers and drivers' assistants.

31.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Victor Vargas*

32.    Plaintiff Vargas was employed by Defendants from approximately July 5, 2016 until on or about July 2017.

33.    Defendants employed Plaintiff Vargas as a truck driver.

34.    Plaintiff Vargas regularly handled goods in interstate commerce, such as the eggs and other supplies produced outside the State of New York.

35.    Plaintiff Vargas's work duties required neither discretion nor independent judgment.

36.    Throughout his employment with Defendants, Plaintiff Vargas regularly worked in excess of 40 hours per week.

37.    From approximately July 5, 2016 until on or about July 2017, Plaintiff Vargas worked from approximately 6:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., Mondays through Fridays (typically 60 to 65 hours per week).

38.    From approximately July 5, 2016 until on or about February 2017, Defendants paid Plaintiff Vargas his wages in cash.

39.    From approximately March 2017 until on or about July 2017, Defendants paid Plaintiff Vargas his wages in a combination of check and cash.

40.    From approximately July 5, 2016 until on or about February 2017, Defendants paid Plaintiff Vargas a fixed salary of $700 per week.

41.    From approximately March 2017 until on or about July 2017, Defendants paid Plaintiff Vargas an average fixed salary of $600 per week ($350 by check and $250 in cash).

42.    Plaintiff Vargas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43.    For example, Defendants required Plaintiff Vargas to work an additional 1 hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

44.    Defendants never granted Plaintiff Vargas any breaks or meal periods of any kind.

45.    Plaintiff Vargas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vargas regarding overtime and wages under the FLSA and NYLL.

47.    Defendants did not provide Plaintiff Vargas an accurate statement of wages, as required by NYLL 195(3).

48.    In fact, Defendants adjusted Plaintiff Vargas's paystubs so that they reflected inaccurate wages and hours worked.

49.    Defendants did not give any notice to Plaintiff Vargas, in English and in Spanish (Plaintiff Vargas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jose Manuel Vargas*

50.    Plaintiff Jose Manuel was employed by Defendants from approximately September 2012 until on or about November 16, 2013.

51.    Defendants employed Plaintiff Jose Manuel as a driver's assistant.

52.    Plaintiff Jose Manuel regularly handled goods in interstate commerce, such as the eggs and other supplies produced outside the State of New York.

53.    Plaintiff Jose Manuel's work duties required neither discretion nor independent judgment.

54.    Throughout his employment with Defendants, Plaintiff Jose Manuel regularly worked in excess of 40 hours per week.

55.    From approximately September 2012 until on or about November 16, 2013, Plaintiff Jose Manuel worked from approximately 6:00 a.m. until on or about 8:00 p.m., Mondays through

Thursdays and from approximately 6:00 a.m. until on or about 5:00 p.m., Fridays (typically 67 hours per week).

56.    Throughout his employment, Defendants paid Plaintiff Jose Manuel his wages in cash.

57.    From approximately September 2012 until on or about November 16, 2013, Defendants paid Plaintiff Jose Manuel a fixed salary of $500 per week.

58.    Plaintiff Jose Manuel's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

59.    For example, Defendants required Plaintiff Jose Manuel to work an additional 1 hour past his scheduled departure time on Fridays, and did not pay him for the additional time he worked.

60.    Defendants never granted Plaintiff Jose Manuel any breaks or meal periods of any kind.

61.    Plaintiff Jose Manuel was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jose Manuel regarding overtime and wages under the FLSA and NYLL.

63.    Defendants did not provide Plaintiff Jose Manuel an accurate statement of wages, as required by NYLL 195(3).

64.    Defendants did not give any notice to Plaintiff Jose Manuel, in English and in Spanish (Plaintiff Jose Manuel's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.    Defendants required Plaintiff Jose Manuel to purchase "tools of the trade" with his own funds—including twelve gloves and one pair of boots.

*Defendants' General Employment Practices*

66.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

67.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked..

68.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

69.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

70.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Vargas worked. Thus, the paychecks Defendants gave Plaintiff Vargas were inaccurate.

71.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

72.    Defendants paid Plaintiffs their wages in cash; but, in particular, from approximately March 2017 until on or about July 2017, Defendants paid Plaintiff Vargas a combination of check and cash.

73.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

75.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

77.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

80.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

81.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

82.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

83.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

84.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

85.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

g)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

86.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

87.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

88.     The common questions of law and fact predominate over questions affecting only individual members.

89.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

90.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

91.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

93.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

94.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95.     Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

96.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiffs (and the FLSA and Rule 23 Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiffs (and the FLSA and Rule 23 Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

104.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 Class members) less than the minimum wage.

105.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

107.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

113.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

114.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

117.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

120.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

121.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

123.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs(and the FLSA and Rule 23 Class members);

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs(and the FLSA and Rule 23 Class members);

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs(and the FLSA and Rule 23 Class members);

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 Class members') compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs(and the FLSA and Rule 23 Class members);

(m)    Awarding Plaintiffs (and the FLSA and Rule 23 Class members) damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiffs (and the FLSA and Rule 23 Class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs (and the FLSA and Rule 23 Class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        September 21, 2018

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By:          /s/ Michael Faillace
                                    Michael Faillace [MF-8436]
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620
                                    *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 2, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Victor Vargas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                   02 de octubre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 25, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                          <u>Jose Manuel Vargas</u>

Legal Representative/ Representante          <u>Michael Faillace & Associates, P.C.</u>
Legal:

Signature/ Firma:

Date/ Fecha:                          <u>October 25, 2017</u>

*Certified as a minority-owned business in the State of New York*